UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Miguel Pagan

   v.                                          Civil No. 16-cv-401-JD

Google Corporation

### REPORT AND RECOMMENDATION

Before the court is the complaint (Doc. No. 1) filed by the in forma pauperis plaintiff, Miguel Pagan.  The complaint is before the court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

### Preliminary Review Standard

Because plaintiff is appearing pro se, the court construes his pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court may dismiss the complaint, or any part or amendment to the complaint, if it "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see also LR 4.3(d)(2).  To determine if the pleading states a claim, the court first disregards plaintiff's legal conclusions and then considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor,

723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

**Background**

Pagan's complaint names "Google Corporation" as the defendant and asserts that Google defamed him by publishing false information regarding his criminal record.  Specifically, he states that Google published false information labeling him as a convicted sex offender for three counts of rape in New Hampshire.  Pagan asserts that the information is incorrect, and he attributes the error to a communication problem in the New Hampshire courts.

Pagan further claims that Google has violated his constitutional rights.  Pagan, who is presently incarcerated, states that being labeled falsely as a sex offender could deprive him of the ability to get housing and a job and denies him equal protection.

**Discussion**

I.  **Defamation Claims**

Google is afforded immunity under the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, for the

2

publication of defamatory content prepared or posted by others. O'Kroley v. Fastcase, Inc., 831 F.3d 352, 354-55 (6th Cir. 2016). The CDA provides that "[n]o cause of action may be brought" and "no liability may be imposed under any State or local law," 47 U.S.C. § 230(e)(3), for any claim that would treat a provider of an "interactive computer service" as the "publisher or speaker of any information provided" by someone else, 47 U.S.C. § 230(c)(1). See O'Kroley, 831 F.3d at 354-55 (claims against Google for third party content properly dismissed under CDA); Klayman v. Zuckerberg, 753 F.3d 1354, 1357 (D.C. Cir. 2014) (claims against Facebook properly dismissed under CDA).

The Sixth Circuit, in O'Kroley, 831 F.3d at 354-55, concluded that the CDA immunizes Google from defamation claims arising from the publication of false and defamatory material derived from another source:

> Google is an interactive computer service, an entity that provides "access by multiple users to a computer server." . . . [Plaintiff's] claims treat Google as the publisher or speaker of the allegedly defamatory content on its website, even though a separate "entity [was] responsible . . . for the [content's] creation." Under the Act, Google . . . cannot be held liable for . . . merely providing access to, and reproducing, the allegedly defamatory text. "If a website displays content that is created entirely by third parties, . . . [it] is immune from claims predicated on that content."

Id. (citations omitted). The same reasoning and conclusion are proper here, based on the facts alleged in the complaint. Google is thus immune from plaintiff's defamation claims under the CDA, and, accordingly, those defamation claims should be dismissed.

## II. Constitutional Claims

Additionally, Pagan has asserted that Google violated his constitutional rights. Google, however, is a private party. The Bill of Rights does not shield any individual from purely private misconduct. See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (Fourteenth Amendment "'erects no shield against merely private conduct, however discriminatory or wrongful'" (citation omitted)). A private party can be deemed to be a state actor, potentially liable for violating federal constitutional rights, only under limited circumstances that are not present here. See Alberto San, Inc. v. Consejo de Titulares del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008). Pagan's constitutional claim should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (Doc. No. 1) for failure to state a claim upon which relief can be granted. Any objections to this Report

4

and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                                        */s/ Andrea K. Johnstone*
                                                        Andrea K. Johnstone
                                                        United States Magistrate Judge

November 15, 2016

cc:   Miguel Pagan, pro se